# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

Civil Action No.

FILED BY _____ D.C.

OCT 25 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA, - MIAMI

 TASH JERNAZIAN ,

Plaintiff,

v.

 MIAMI TRANSIT ,

 U.S. DEPARTMENT OF TRANSPORTATION ,

 FLORIDA DEPARTMENT OF TRANSPORTATION ,

 FLORIDA DEPARTMENT OF HEALTH ,

 MIAMI DOLPHINS ,

 FLORIDA BREAST CANCER FOUNDATION ,

 UNIVERSITY OF MIAMI ,

 NATIONAL BREAST CANCER FOUNDATION ,

Defendants.


## A.     PARTIES

TASH JERNAZIAN
3610 N.E. 1ST AVENUE
UNIT C
MIAMI, FL 33137-3602

MIAMI TRANSIT
701 NW 1ST COURT
SUITE 1300
MIAMI, FL 33136

U.S. DEPARTMENT OF TRANSPORTATION
1200 S.E. NEW JERSEY AVENUE
WASHINGTON, DC 20590

FLORIDA DEPARTMENT OF TRANSPORTATION
605 SUWANNEE STREET
MS 57
TALLAHASSEE, FL 32399-0450

FLORIDA DEPARTMENT OF HEALTH
4052 BALD CYPRESS WAY
BIN A-11
TALLAHASSE, FL 32399-1719

MIAMI DOLPHINS
347 DON SHULA DRIVE
MIAMI GARDENS, FL 33056

UNIVERSITY OF MIAMI
1320 S. DIXIE HIGHWAY
SUITE 1230
CORAL GABLES, FL 33146

FLORIDA BREAST CANCER FOUNDATION
11900 BISCAYNE BOULEVARD
SUITE 288
NORTH MIAMI, FL 33181

---

## COMPLAINT
### (for Violation of the Americans with Disabilities Act)

---

### A. FACTUAL BASIS

A **destination sign** is a sign mounted on the front, side or rear of a public transport vehicle, such as a bus, tram/streetcar or light rail vehicle, that displays the vehicle's route number and destination. *(Wikipedia)*

2

## B.  CLAIM ONE

Plaintiff claims, MIAMI TRANSIT, misused, defaced, and abused public property, and namely bus signs on all of their buses within Miami-Dade county. MIAMI TRANSIT did not technically own this property, but simply retained and exercised control over it, as it was paid for by federal tax payers through the entire United States (and additional Miami-Dade county residents), and was not even theirs. Yet Plaintiff claims these signs meant to instantly convey highly-important information in a time-sensitive manner were disgraced at the expense and abuse of taxpayers, and to the gross confusion of every tourist visiting Miami-Dade county.

Plaintiff who is only mildly visually impaired (distant objects) called Miami Transit on no less than 3 occasions (over the course of two years) to put in complaints specifically on the misuse of 'destination signs' (plural as there are more than one sign present on a bus. Plaintiff first filed regular complaint, then on second complaint a verbal 'Notice of intent to Sue', and on third complaint a statement that a lawsuit would be forthcoming (over 3 months before the date of this lawsuit). Plaintiff states in their opinion, the complaint line is a joke, meant merely for people to feel like someone heard them and intended for psychological calming effects, and an accurate representation of Florida incompetence, and broken government systems representing the gradual degrading of American government.

Plaintiff complained that themselves, every other resident, and most definitely every tourist cannot see the 'destination signs'. Plaintiff stated that a 'destination sign' is supposed to display the route number and final destination location ONLY! Plaintiff furthered that the route number should never disappear, and the final destination location should not be scrolling words or two lines of text (thus making the letters smaller and harder to read). [Meaning a destination sign should read 'J - MIAMI BEACH' in permanent digital letters without blinking, changing, bouncing between, disappearing, or scrolling. And that a longer destination sign such as '150 – AIRPORT EXPRESS' cannot be used if it exceeds the single line character limit, and cannot scroll, and should therefore be abbreviated to '150 – AIRPORT EXP'. Plaintifff further that destination sign were historically permanent signs printed on plastic with ink, and the digital nature of the new age signs, were for ease of switching buses without having to switch signs. Furthermore, plaintiff stated that the transition to digital signs was wholly and purposefully being abused by Miami Transit, and must cease immediately. Plaintiff stated that the digital signs must be used exactly as the old ink on plastic permanent fixtures, simply in digital form. And with the largest size letters that can fit in that space, and the same (high visibility) color on all of the text.

Miami Transit shamefully used these signs for years, possibly decades , as general advertising space functioning as "lit billboards" , and even got so fancy with their shameful behavior, having pink breast cancer ribbons where people are looking for their bus number. Plaintiff furthers that Miami Transit used these 'destination signs' as their own advertisements too. With signs stating 'Now Hiring' with 'Hiring Bonus" '$(GREEN NUMBERS)'. Plaintiff states they are disgusted by the behavior of MIAMI TRANSIT, and themself, hundreds of thousands of local residents, and hundreds of thousands of tourists have missed buses due to inability to see these signs and/or flag drivers in time. Over time, millions of people have missed buses due to this flagrant abuse and disgusting behavior. Plaintiff claims that allegations made

within this claim also fall under the Americans with Disabilities Act, but a not limited to A.D.A. claims. Plaintff claims their civil rights were violated. Plaintiff also claims people residing in and visiting Miami-Dade county as tourists had their civil rights violated, due to not being able to see 'destination signs' and the various repercussions thereof. Plaintiff seeks triple damages against this party, for their three ignored complaints.

## B. CLAIM TWO

Plaintiff claims, U.S. DEPARTMENT OF TRANSPORTATION, failed to oversight the use of federal taxpayer dollars. This allowed MIAMI TRANSIT to misuse, abuse, and benefit from (via free advertising for themselves and others) at the financial expense of all of the citizens of the United States. Namely, the misuse of 'destination signs' in Miami-Dade county. This misuse or abuse of 'destination signs' violated peoples' civil rights, due to not being able to see 'destination signs' and the various repercussions thereof.

## C. CLAIM THREE

Plaintiff claims, FLORIDA DEPARTMENT OF TRANSPORTATION, failed to oversight the use of federal taxpayer dollars, and state of Florida resident tax dollars. This allowed MIAMI TRANSIT to misuse, abuse, and benefit from (via free advertising for themselves and others) at the financial expense of all of the citizens of the State of Florida. Namely, the misuse of 'destination signs' in Miami-Dade county. This misuse or abuse of 'destination signs' violated peoples' civil rights, due to not being able to see 'destination signs' and the various repercussions thereof.

## D. CLAIM FOUR

Plaintiff claims, FLORIDA DEPARTMENT OF HEALTH, exercised control directly or indirectly over MIAMI TRANSIT to misuse or abuse use of 'destination signs' as a means of public harassment, public control, public messaging, public broadcast, public service announcements, or public advertising. Namely, the misuse of 'destination signs' in Miami-Dade county reading 'NO MASK, NO RIDE'. These advertisements in the form of public broadcasts, and/or public harassment, and/r public abuse, violated peoples' civil rights, due to not being able to see 'destination signs' and the various repercussions thereof.

## E.  CLAIM FIVE

Plaintiff claims, MIAMI DOLPHINS, failed to file a public complaint, legal demand, cease and desist letter, or lawsuit against MIAMI TRANSIT for misuse or abuse of public property showcasing their name, brand, corporation, team, marketing, advertising, or likeness. Namely, the misuse or abuse of 'destination signs' all over Miami-Dade county on a large number of buses reading 'GO DOLPHINS!'. This free advertising was at the expense all of the residents of Miami-Dade county, and well as tourists from all over the world. It should also be noted that MIAMI DOLPHINS  mails 'Cease and Desist' letters and files lawsuits against third-parties who monetize their brand without their permission or authorization, yet it this case, it benefitted their company, so they took no action. For this reason, and also for free advertising, plaintiff seeks damages from this party. These advertisements, in the form of unauthorized broadcasts, violated peoples' civil rights, due to not being able to see 'destination signs' and the various repercussions thereof.

## F.  CLAIM SIX

Plaintiff claims, FLORIDA BREAST CANCER FOUNDATION, paid for advertsing space/time/slots with MIAMI TRANSIT. MIAMI TRANSIT then ran illegal advertisements on 'destination signs' throughout Miami-Dade county. FLORIDA BREAST CANCER FOUNDATION saw no issue with their advertisements violating people civil rights, and this formed and illegal business partnership.

## G.  CLAIM SEVEN

Plaintiff claims, UNIVERSITY OF MIAMI, received free advertising on 'destination signs' throughout Miami-Dade county. Namely, signs reading "GO HURRICANES!". Additionally, they saw no issue with this, as they mailed no cease and desist letters, and filed no lawsuits against MIAMI TRANSIT for use of their name, school, team, likeness, brand, or trademarks. These advertisements, in the form of unauthorized broadcasts, violated peoples' civil rights, due to not being able to see 'destination signs' and the various repercussions thereof.

5

## H. CLAIM SEVEN

Plaintiff claims, NATIONAL BREAST CANCER FOUNDATION, received free advertising space/time/slots with MIAMI TRANSIT when FLORIDA BREAST CANCER FOUNDATION paid for advertisements within Miami-Dade county. This would normally be acceptable, however those advertisements violating peoples' civil rights, and this thus constituted unjustly obtained gains/recognition. These gains violated peoples' civil rights, due to not being able to see 'destination signs' and the various repercussions thereof.

## I.      ADDITIONAL CLAIMS

Additional parties and additional claims may be added to this lawsuit if these activities or failures to comply continue within or outside of Miami-Dade county.

## J.      REQUEST FOR RELIEF

Plaintiff requests a trial by jury. Plaintiff reserves the right to trail by judge (bench trial). Plaintiff requests a $3 million U.S. dollars per claim.

## K.      PLAINTIFF'S SIGNATURE

(Plaintiff signature)

        October 19, 2023
    (Date)

6

Tash Jernazian
3610 NE 1st Ave, Unit C
Miami, FL 33137-

MIAMI FL 330

20 OCT 2023PM 1 L

Wilkie D. Ferguson, Jr. U.S. Courthouse
attn: clerk of the court

400 North Miami Avenue
Miami, FL 33128

33128-180199