UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:23-cv-24078-GAYLES

**TASH JERNAZIAN**,

 Plaintiff,

v.

**MIAMI TRANSIT, et al.**,

 Defendants,

_____/

## ORDER DISMISSING COMPLAINT UNDER 28 U.S.C. § 1915(e)

**THIS CAUSE** is before the Court on *pro se* Plaintiff Tash Jernazian's ("Plaintiff") Sixth Amended Complaint (the "Complaint"). [ECF No. 11]. In his Sixth Amended Complaint, Plaintiff asserts twenty-one claims against twelve Defendants (Miami Transit, U.S. Department of Transportation, Florida Department of Transportation, Florida Department of Health, Miami Dolphins, Florida Breast Cancer Foundation, National Breast Cancer Foundation, Miami Heat, Florida Panthers, Miami Hurricanes, Miami Marlins, and Greater Miami Convention & Visitors Bureau) related to destination signs and advertisements on public buses. [ECF No. 11]. According to Plaintiff, the destination signs violate the American with Disabilities Act (the "ADA") because they blink, change, and scroll information, instead of having fixed destination information, making them harder to read. *Id*. at 4. Plaintiff also asserts that paid and unpaid advertisements for the private entity Defendants, such as "GO PANTHERS!" and "GO DOLPHINS", "violated peoples' civil rights" as they were not able to fully see the destination signs. *Id*. at 5–9.

Because Plaintiff has moved to proceed *in forma pauperis* ("IFP"), [ECF Nos. 5, 6], the screening provisions of the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2)(B), apply.

Pursuant to that statute, the Court shall dismiss a complaint if it determines the action is "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id*. § 1915(e)(2)(B)(i)–(iii).

A pleading is frivolous "if it is without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). Stated differently, a case is frivolous when it appears from the face of the complaint that the plaintiff "has little or no chance of success," *i.e.*, "the factual allegations are clearly baseless," "the legal theories are indisputably meritless," or immunity bars relief. *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (internal quotations omitted). "[D]istrict courts have the inherent power to *sua sponte* dismiss frivolous suits without giving notice to the parties" *Davis v. Kvalheim*, 261 F. App'x 231, 234 (11th Cir. 2008).

The standards governing dismissals for failure to state a claim under § 1915(e)(2)(B)(ii) are the same as those governing dismissals under Federal Rule of Civil Procedure 12(b)(6). *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). To state a claim for relief, a pleading must contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8. To survive a motion to dismiss, a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "[T]he pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the plaintiff, *Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268, 1270 (11th Cir. 2016).

*Pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," *Estelle v. Gamble*, 429 U.S. 97, 106 (1979) (internal quotations omitted). However, the complaint still must contain "some factual support for a claim." *Wright v. Miranda*, 740 F. App'x 692, 694 (11th Cir. 2018).

The Court finds that Plaintiff's Sixth Amended Complaint is conclusory and devoid of any facts or law to support a claim for relief. Plaintiff alleges that the destination signs violate the ADA and the public's civil rights because the signs are difficult to read. However, Plaintiff fails to identify any ADA sections, regulations, or rights that were violated. Similarly, Plaintiff fails to explain how each Defendant violated the law based on the advertisements or why all twelve Defendants should be joined together in this action. Because Plaintiff has failed to plead any facts or law showing that he is entitled to relief, the Complaint must be dismissed.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Sixth Amended Complaint [ECF No. 11] is **DISMISSED WITHOUT PREJUDICE**. Within 20 days of this Order, Plaintiff may seek leave to file a seventh amended complaint. This case is **CLOSED**, and all pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 19th day of November, 2025.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE